During 1922 the petitioner's wife received a salary of $2,705.89 representing her separate earnings. She filed a separate return for 1922 returning the salary as her income for that year. The Commissioner treated the separate earnings of the wife as income of the husband, increased the petitioner's income for 1922 in that amount, and determined the deficiency here in question.

### OPINION.

MORRIS: Since we have found as a fact that the earnings of the wife were separate and apart from that of the husband, it follows that in accordance with our opinion in the *Appeal of Estate of George W. Randall*, 4 B. T. A. 679, the determination of a deficiency against the petitioner is in error.

*Judgment for the petitioner.*

---

## LAWRENCE SCHILLIG, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5638.      Decided September 27, 1926.

*Lawrence Schillig, Esq.*, pro se.
*A. Calder Mackay, Esq.*, for the respondent.

This is a proceeding for the redetermination of a deficiency of $443.35, income tax for 1922. The Commissioner computed the deficiency upon the basis that the husband is the owner of income under the community property laws of California.

### FINDINGS OF FACT.

Petitioner is a practicing attorney, and during 1922 resided with his wife in Yuba City, Calif. Money received as fees and from investments was placed in a joint account and subject to the check of both husband and wife. For the year 1922, husband and wife made separate returns, dividing the income of the community in half. The wife paid her tax by check on the joint account. The Commissioner refused to allow separate returns to be filed, holding that the husband should be taxed for the income of the community, and determined the deficiency here presented.

### OPINION.

MORRIS: In view of our decision in the *Appeal of D. Cerruti*, 4 B. T. A. 682, we are of the opinion that the determination of the Commissioner must be sustained.

*Judgment for the Commissioner.*